# 13-3968-CR

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

➤➤◄◄

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

ALEXIS AZCONA, AKA SEALED DEFENDANT 1, ANGELO FERNANDEZ,
AKA SEALED DEFENDANT 2, AKA SCARFACE, HECTOR MELENDEZ,
AKA SEALED DEFENDANT 3, JEFFREY MINAYA, AKA SEALED DEFENDANT 4,
AKA GAGO, ELSIO RIVERA, AKA SEALED DEFENDANT 6, AKA FIZZ,

*Defendants,*

*and*

DANIEL MONTANEZ, AKA SEALED DEFENDANT 5,

*Defendant-Appellant.*

―――――――――

*On Appeal from the United States District Court
for the Southern District of New York (New York City)*

## BRIEF FOR DEFENDANT-APPELLANT
## PURSUANT TO *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)

LAW OFFICES OF RANDALL D. UNGER
*Attorneys for Defendant-Appellant*
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361
718-279-4500

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES....................................................................... ii

PRELIMINARY STATEMENT................................................................... 1

JURISDICTIONAL STATEMENT.............................................................. 1

ISSUES PRESENTED FOR REVIEW........................................................ 2

STATEMENT OF THE CASE.................................................................... 2
    The Offense........................................................................................ 2
    The Charges....................................................................................... 3
    The Plea Agreement.......................................................................... 3
    The Guilty Plea.................................................................................. 4
    The Presentence Investigation Report............................................. 6
    The Sentencing Memoranda.............................................................. 7
    The Sentencing.................................................................................. 9

ARGUMENT:

    THERE APPEARS TO BE NO BASIS FOR APPELLATE
    REVIEW OF THE JUDGMENT OF CONVICTION
    ENTERED BELOW. COUNSEL SHOULD THEREFORE
    BE PERMITTED TO WITHDRAW..................................... 10

CONCLUSION........................................................................................ 16

## TABLE OF AUTHORITIES

Page

Cases

*Anders v. California*, 386 U.S. 738 (1967)...................................................  15

*Boykin v. Alabama*, 395 U.S. 238 (1969)....................................................  11

*Brady v. United States*, 397 U.S. 742 (1970)..............................................  11

*Strickland v. Washington*, 466 U.S. 668 (1984)..........................................  15

*United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008) (en banc)............  13, 14

*United States v. Ibrahim*, 62 F.3d 72 (2d Cir. 1995)...............................  12

*United States v. Livorsi*, 180 F.3d 76 (2d Cir. 1999).............................  11

*United States v. Maher*, 108 F.3d 1513 (2d Cir. 1994)...........................  11

*United States v. Malcolm*, 432 F.2d 809 (2d Cir. 1970).........................  11

*United States v. Martinez-Rios*, 143 F.3d 662 (2d Cir. 1998)................  13

*United States v. Morgan*, 386 F.3d 376 (2d Cir. 2004).........................  12

*United States v. Preacely*, 628 F.3d 72 (2d Cir. 2010)..........................  13

*United States v. Rigas*, 583 F.3d 108 (2d Cir. 2009)..............................  14

Statutes & Other Authorities

18 U.S.C. § 3231...................................................................................  1

18 U.S.C. § 3553(a).............................................................................  9, 13

21 U.S.C. § 841(b)(1)(A)............................................................................    12

21 U.S.C. § 841(b)(1)(B)............................................................................    1, 7, 12

21 U.S.C. § 846............................................................................    1, 7

28 U.S.C. § 1291............................................................................    2

Fed. R. Crim. Proc. 11............................................................................    10

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
---------------------------------------------------x
UNITED STATES OF AMERICA,

               Appellee,

                                       Dkt. No. 13-3968-cr

   -against-

DANIEL MONTANEZ,

               Defendant-Appellant.
---------------------------------------------------x

## PRELIMINARY STATEMENT

        Daniel Montanez (hereinafter the "appellant") appeals from a final

judgment of the United States District Court for the Southern District of New York,

filed December 19, 2013, convicting him upon his guilty plea of conspiracy to

distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C.

§ 846 and 21 U.S.C. § 841(b)(1)(B), and sentencing him to a term of imprisonment

of 97 months, to be followed by a term of supervised release of five years (United

States District Judge Paul A. Engelmayer).

## JURISDICTIONAL STATEMENT

        The district court had jurisdiction over this case pursuant to 18 U.S.C.

§ 3231 because this was a criminal case alleging violations of the laws of the United

States under Title 21 of the United States Code. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. A timely notice of appeal was filed on December 30, 2013 (A120).[1]

## ISSUES PRESENTED FOR REVIEW

Whether the record of the appellant's case presents any non-frivolous legal issue appropriately presented for resolution by this Court and whether counsel should be permitted to withdraw.

## STATEMENT OF THE CASE

The Offense

The charges in this case arose out of a joint investigation by the DEA and the NYPD into drug distribution conducted on Plimpton Avenue in the Bronx from 2003 until December, 2012. The investigation disclosed that Angelo Fernandez, the leader of the conspiracy, supervised the appellant and others in the sale of crack cocaine and marijuana at a playground on Plimpton Avenue. In addition, members of the conspiracy packaged and stored drugs and weapons in various apartments inside a building at 1360 Plimpton Avenue. To maintain control of his drug

---

[1] Numerical references preceded by an "A" are to the Appendix submitted herewith.

2

distribution activities, Fernandez threatened and engaged in acts of violence towards occupants of 1360 Plimpton Avenue.  When the investigation was concluded, the appellant, Alexis Acona, Angelo Fernandez, Hector Melendez, Jeffrey Minaya and Elisio Rivera were arrested on January 15, 2013.  Fernandez was arrested on March 1, 2013.

The Charges

In an indictment filed January11, 2013, the appellant and his co-defendants were charged with conspiracy to distribute and possess with intent to distribute 280 grams and more of cocaine base and less than 50 kilograms of marijuana (A11).

The Plea Agreement

On July 2, 2013, the appellant entered into a plea agreement with the government.  Pursuant to that agreement, the government permitted the appellant to plead guilty to conspiracy to distribute and possess with intent to distribute 28 grams and more of cocaine base, a lesser included offense of the charge contained in the indictment.  This charge subjected the appellant to a statutory mandatory minimum term of imprisonment of 5 years and a maximum of 40 years (A16). The agreement provided further that the appellant's base offense level was 32; that a satisfactory plea allocution would warrant a three-level reduction for acceptance of responsibility; that

3

his total offense level would be 29; that his Criminal History Category was II, and that his sentencing Guidelines range was 97 to 121 months' imprisonment (A17-A19). The agreement also provided that the appellant would be barred from filing a direct appeal or a collateral challenge to his sentence so long as the term of imprisonment imposed did not exceed 121 months (A20).

The Guilty Plea

On July 2, 2013, defense counsel advised the district court that the appellant wished to plead guilty to the offense set forth in the plea agreement (A24). After placing the appellant under oath, the district court questioned him about his background. The appellant stated that he was 29 years old; that he had attended school in the Bronx up until the ninth grade; that he had never been hospitalized for drug or alcohol addiction; that he had never been treated for a mental illness; that he had not consumed any drugs, medicine or alcoholic beverages during the past 24 hours; that he understood what was happening, and that his mind was clear. After defense counsel and counsel for the government stated that they had no doubt that the appellant was competent, the district court found that he was indeed competent to enter a guilty plea (A24-A26).

Upon determining that the appellant had been afforded a sufficient opportunity to the discuss the case with his attorney, and that he was satisfied with

4

his attorney's representation, the district court proceeded to advise him of the rights that he would waiving by pleading guilty.  The appellant acknowledged his understanding that by pleading guilty, he was waiving his right to be presumed innocent, his right against self-incrimination, his right to a trial, his right to have a jury unanimously decide his guilt, his right to require the government to prove every element of the charged crime beyond a reasonable doubt, his right to be continued to be represented by counsel at trial, his right to be present at trial, his right to confront his accusers, his right to call witnesses on his behalf, his right to testify in his own behalf, his right not to testify without suffering any adverse consequences and his right to appeal an adverse verdict.  He also acknowledged his understanding that he had the right to change his mind about pleading guilty at any time (A27-A29).

When the district court explained the charge to which he was pleading guilty and the penalties to which he would be subjected, the appellant acknowledged that he understood the nature of the crime charged, the range of statutory sentences that a conviction carried, the collateral consequences of such a conviction and how the Sentencing Guidelines and the statutory factors would be applied in determining his ultimate sentence (A30-A35).

With respect to the plea agreement, the appellant acknowledged that he understood the terms, that he had signed it freely and voluntarily and that no promises

5

other than what was contained in the agreement had been made to him. In addition, he acknowledged that he understood that the agreement barred him from appealing his conviction provided the sentence he received was not more than 121 months' imprisonment (A35-A39).

As to the offense to which he was pleading guilty, the appellant admitted that between 2003 and 2013, he and others had conspired to sell crack cocaine in the Bronx; that the object of the conspiracy involved the distribution of 28 grams or more of cocaine base, and that he knew that he was committing a crime when he engaged in those activities (A40). After the appellant acknowledged that he was entering his guilty plea freely and voluntarily, the district court accepted his plea and adjourned the case for the preparation of a presentence report and sentencing (A40-A42).

The Presentence Investigation Report

Following the appellant's entry of his guilty plea, a presentence investigation report ("PSR") was prepared by the United States Probation Department.[2]   Utilizing the 2012 Guidelines Manual, the PSR calculated the appellant's base offense level at 32, based on a finding that the conspiracy involved the possession and distribution of between 280 and 840 grams of crack cocaine (PSR at ¶ 20). With a three-level reduction for acceptance of responsibility (PSR at ¶¶ 26

---

[2]A copy of the presentence report is submitted herewith under separate seal.

6

and 27), the total offense level was calculated at 29. And with a Criminal History Category of II (PSR at ¶ 41), the Guidelines range was calculated to be 97 to 121 months' imprisonment (PSR at ¶ 70).

The PSR also set forth the statutory penalties applicable to the appellant's conviction. Pursuant to 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B), the PSR noted that the minimum term of imprisonment was 5 years and the maximum was 40 years' imprisonment (PSR at ¶ 69).

Finally, the PSR set forth its sentencing recommendation, stating:

> In light of the significant amount of narcotics involved in the instant offense, Montanez' criminal history, and Montanez' continued participation in criminal conduct; we believe that a significant term of imprisonment is necessary to address the sentencing objectives of punishment and protection of the community. Accordingly, we believe that a sentence of 97 months' imprisonment is appropriate in this case. The sentence will represent Montanez' most significant term of imprisonment to date.

(PSR at p. 17).

The Sentencing Memoranda

In a letter dated December 3, 2013, defense counsel requested that the district court impose a sentence of 97 months' imprisonment or "as lenient a sentence" as the court deemed appropriate (A44). In support, defense counsel noted that "for street dealers who are users themselves, as is Montanez, the trend is away

7

from long incarceratory sentences, to sentences that mix punishment infused with treatment" (A45). In further support of his plea for leniency, defense counsel noted that the appellant had been raised in "a single parent home, under stressful financial circumstances"; that he sold drugs to support his own habit, and that he was remorseful for his misconduct (A47-A48). With his letter, defense counsel submitted memoranda from United States Attorney Eric Holder setting forth policy revisions in dealing with low-level drug offenders (A50); a letter from the appellant's prior attorney indicating that a state court charge filed against him had been dismissed (A58); a letter from the appellant expressing his remorse and the positive steps he had taken towards achieving his rehabilitation (A59) and letters from friends and family members of the appellant expressing their support for him (A63).

With a second letter dated December 18, 2013, defense counsel submitted certificates the appellant had received during his period of incarceration in this case (A70).

In a letter dated December 12, 2013, the government set forth excerpts from recorded phone conversations the appellant had had with a confidential informant which included admission of criminal conduct (A76). Based on the offense charged and the appellant's background, the government requested that the district court impose a sentence of between 97 and 121 months' imprisonment (A80-A82).

8

The Sentencing

The appellant appeared for sentencing on December 19, 2013. After noting that it had reviewed the plea agreement, the transcript of the change of plea, the PSR and the submissions of counsel (A84-A85), the district court adopted the factual recitations contained in the PSR and found that the appellant's offense level was 29, that his Criminal History Category was II and that his Guidelines range was from 97 to 121 months' imprisonment and his statutory mandatory minimum sentence was 60 months' imprisonment (A91).

Counsel for the government relied on its December 12, 2013 submission with respect to its sentencing recommendation (A91). Likewise, counsel for the appellant adhered to his prior recommendation that the court impose a sentence of 97 months' imprisonment (A94). The appellant then addressed the court personally and stated that he was remorseful for his offense; that he accepted responsibility for his actions and that he asked the court's forgiveness (A96-A97).

The district court stated that it had considered the Guidelines range and the factors contained in 18 U.S.C. § 3553(a) in order to arrive at a sentence that was sufficient but not greater than necessary to comply with the purposes of sentencing (A97-A109). The court then sentenced the appellant to a term of imprisonment of 97 months, to be followed by five years' supervised release (A110).

## ARGUMENT

### THERE APPEARS TO BE NO BASIS FOR APPELLATE REVIEW OF THE JUDGMENT OF CONVICTION ENTERED BELOW. COUNSEL SHOULD THEREFORE BE PERMITTED TO WITHDRAW.

A careful review of the record of the proceedings in the district court discloses that there are no issues of fact or law upon which a non-frivolous appeal could be asserted to this Court. Accordingly, counsel should be permitted to withdraw.

In the first place it appears that when he district court accepted the appellant's guilty plea, it adhered faithfully to the requirements of Rule 11 of the Federal Rules of Criminal Procedure. The transcript of the change of plea discloses that the district court carefully reviewed the appellant's background to determine his competence to proceed. It appears further that the district court conducted a comprehensive inquiry to determine that the appellant's decision to plead guilty was made knowingly and voluntarily. Moreover, it appears that the appellant was fully apprised of his constitutional rights to be presumed innocent, to have a trial at which the government would be required to prove his guilt beyond a reasonable doubt, to continue to be represented by counsel, to confront his accusers, to present evidence on his behalf, to testify in his own behalf or not testify without incurring any adverse

inference, to have a unanimous jury decide his case, and to appeal an unfavorable verdict. In short, it appears that at the time of the entry of his guilty plea, the appellant had a complete understanding of the rights that were explained to him, and that his decision to plead guilty was a "knowing, free and rational choice of the alternatives open" to him. *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir. 1970).

In addition, the record demonstrates that the district court questioned the appellant extensively to determine that he had a full and accurate understanding of the terms of the plea agreement that he had executed, that by his own admissions, there existed an independent factual basis for his guilty plea, and that his responses to the court's questions satisfactorily established his knowing participation in the offense charged. *United States v. Livorsi*, 180 F.3d 76 (2d Cir. 1999); *United States v. Maher*, 108 F.3d 1513 (2d Cir. 1994). Accordingly, there appears to be no question that the appellant fully understood and appreciated the rights he was waiving by pleading guilty, or that his decision to plead guilty was anything but knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238 (1969); *Brady v. United States*, 397 U.S. 742 (1970).

Moreover, there is ample reason to conclude that it would be contrary to the appellant's interest to obtain a reversal of his conviction and a vacatur of his

11

guilty plea. *United States v. Ibrahim*, 62 F.3d 72, 74 (2d Cir. 1995). In the indictment filed in the district court, the appellant was charged with conspiracy to distribute and possess with intent to distribute 280 grams and more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A), a class A felony that would have subjected him to a statutory mandatory minimum term of imprisonment ten years and a maximum term of life. However, by executing the plea agreement, the appellant was allowed to plead guilty to conspiracy to distribute and possess with intent to distribute 28 and more grams and more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(B), a class B felony and a lesser-included offense that reduced his sentencing exposure to a statutory mandatory minimum term of imprisonment of five years and a maximum term of 40 years. Thus, if the appellant were successful in reversing his conviction, he would be subjecting himself to a substantially lengthier sentence of imprisonment than the one that was imposed.

Furthermore, the plea agreement contained a waiver provision barring the appellant from filing an appeal or collaterally challenging his conviction so long as the sentence he received did not exceed 121 months' imprisonment. And the district court reviewed this provision at length with the appellant during his plea allocution. *United States v. Morgan*, 386 F.3d 376, 379 (2d Cir. 2004). Since the district court concluded that the appellant's appeal waiver was knowing and

voluntary, and since the appellant received a sentence of 97 months' imprisonment, and since there do not appear to be any issues implicating constitutional or statutory rights that cannot be waived, or cannot be considered to have been waived by the appellant in this case, there appear to be no valid grounds for challenging the enforceability of the waiver provision. *United States v. Martinez-Rios*, 143 F.3d 662, 668 (2d Cir. 1998).

In any event, even if it were concluded that the appeal waiver were unenforceable, the appellant cannot demonstrate that his sentence was procedurally or substantively unreasonable. *See United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc). Based upon the quantity of crack cocaine involved in the conspiracy to which the appellant pled guilty, and the three-level reduction for acceptance of responsibility, the district court correctly determined that his total offense level was 29, and that with a Criminal History Category of II, his Guidelines range was between 97 and 121 months' imprisonment. And since the district court recognized that the Guidelines were the appropriate starting point in the proceeding, and then went on to address the factors contained in 18 U.S.C. § 3353(a), there is no basis for contending that the sentencing proceeding was tainted by procedural error. *United States v. Preacely*, 628 F.3d 72, 79 (2d Cir. 2010). Nor is there a basis for arguing that the sentence was substantively unreasonable.

13

In reviewing a sentence for substantive reasonableness, this Court accords deference to the district court and will provide relief only in the "rare case". *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Thus, a sentence will be deemed substantively unreasonable only where the district court's decision "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189. In this case, it cannot be concluded that the district court abused its discretion in imposing a sentence of 97 months' imprisonment, the bottom of the applicable Guidelines range. In any event, since the sentence imposed was precisely what defense counsel sought on behalf of the appellant, there is simply no basis for arguing that this is a "rare case" that might constitute a "manifest injustice" or "shock the conscience". *id*. Therefore, the sentence was not substantively unreasonable.

Finally, a review of defense counsel's conduct in the district court supports the conclusion that the appellant received effective assistance. The record discloses that defense counsel was successful in negotiating a plea agreement with the government that allowed the appellant to plead guilty to a lesser offense than the one charged in the indictment. As a result, defense counsel was able to limit the appellant's sentencing exposure substantially. Moreover, defense counsel demonstrated his diligence when he submitted a presentence memorandum urging leniency and collected and submitted letters and certificates that drew the district

14

court's attention to the appellant's solid prospects for rehabilitation. And during his appearance at the sentencing proceeding, defense counsel continued his vigorous representation and urged the court to impose the most lenient sentence that was appropriate. Based on the foregoing, it appears that the appellant enjoyed the effective assistance of counsel throughout the pendency of the proceedings in the district court. Accordingly, there is no basis for concluding that the performance of defense counsel fell below an objective standard of reasonableness, or prejudiced the appellant in any way. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984).

In sum, after a thorough and painstaking review of the proceedings below, counsel for the appellant has concluded that there are no non-frivolous issues presented for this Court's review. Appellate counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) should therefore be granted.

15

## CONCLUSION

For all fo the foregoing reasons, the record in this case presents no non-frivolous legal issues for consideration by this Court on appeal.  Accordingly, appellate counsel's motion to withdraw should be granted.

Dated:      Bayside, New York
            April 21, 2014

                                Respectfully submitted,

                                RANDALL D. UNGER
                                Attorney for Defendant-Appellant
                                Daniel Montanez
                                42-40 Bell Boulevard, Suite 302
                                Bayside, New York 11361
                                (718) 279-4500

## CERTIFICATION

Pursuant to Rule 32 (a) (7) (B)

RANDALL D. UNGER, ESQ., counsel for the defendant-appellant,

certifies that the foregoing defendantappellant's brief complies with the type-volume

limitations set forth in FRAP 32 (a) (7) (B) in that it contains 3,280 words.


Dated:      Bayside, New York
            April 21, 2014


RANDALL D. UNGER